BLD-142                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1595
_____

IN RE: JAMES COPPEDGE,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to Civ. No. 1-21-cv-01412)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 20, 2024

_____

Before:  BIBAS, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: July 16, 2024)
_____

OPINION[*]
_____

PER CURIAM

     For the third time in the last two and half years, James Coppedge petitions this

Court for a writ of mandamus pursuant to 28 U.S.C. § 1651, seeking relief from the

District Court's judgment, which dismissed his civil action.[1]  <u>See</u> <u>In re Coppedge</u>, No.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

[1] Through his complaint, Coppedge sought to vacate a state court foreclosure judgment
against him.  The District Court, relying in part on the <u>Rooker-Feldman</u> doctrine, <u>see</u>

22-2867, 2023 WL 118464 (3d Cir. Jan. 6, 2023); In re Coppedge, No. 22-3265, 2023 WL 3734968 (3d Cir. Mar. 16, 2023).  Again, we will deny mandamus relief.

Section 1651 confers jurisdiction on this Court to issue a writ of mandamus "in aid of" our jurisdiction.  28 U.S.C. § 1651.  Mandamus provides a "drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power."  Hahnemann Univ. Hosp. v. Edgar, 74 F.3d 456, 461 (3d Cir. 1996) (citations and internal quotation marks omitted).  To justify the Court's use of this extraordinary remedy, Coppedge must show that he has a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired.  Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992).  He cannot make this requisite showing.

First, mandamus will not lie where an appeal may be had.  In re Nwanze, 242 F.3d 521, 524 (3d Cir. 2001) ("[G]iven its drastic nature, a writ of mandamus should not be issued where relief may be obtained through an ordinary appeal.") (citation omitted).  Coppedge appealed the District Court's judgment, and we affirmed, rejecting arguments, like those made here, that the Rooker-Feldman doctrine did not apply.  See Coppedge v . SLS LLC, No. 22-2717, 2024 WL 511037, at *1-2 (3d Cir. Feb. 9, 2024).  Second, to the extent that Coppedge seeks to have this Court void a sheriff's sale, we generally lack

---

Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1983), dismissed the action for lack of subject matter jurisdiction and failure to state a claim.  See D. Del. Civ. No. 1-21-cv-01412; ECF Nos. 25 & 26.  Here, the mandamus petition seeks an order directing the District Court to vacate its order denying his motion for reconsideration of the dismissal order, and to grant summary judgment in his favor.

2

authority to issue a writ of mandamus to a state court, or otherwise compel a state actor to

perform a state action.  <u>See</u> <u>In re Grand Jury Proceedings</u>, 654 F.2d 268, 278 (3d Cir.

1981); <u>In re Wolenski</u>, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam).

Accordingly, we will deny the petition for a writ of mandamus.[2]

---

[2] The motion to reopen the appeal is granted.